**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                       :
BARRY DELOATCH, et al.,                :   CIVIL ACTION NO. 11-2265 (MLC)
                                       :
      Plaintiffs,                      :        O P I N I O N
                                       :
      v.                               :
                                       :
INTEGRATED PACKAGING                   :
CORPORATION, et al.,                   :
                                       :
      Defendants.                      :
                                       :
```

**IN THIS ACTION** ("Federal Action") brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, and state law to recover wages and benefits, the defendants are (1) Integrated Packaging Corporation ("IPC"), and (2) Albert Fuller, who controls IPC.  (Dkt. entry no. 18, Am. Compl.)  This Court discovered that IPC had instituted a proceeding in New Jersey state court ("State Proceeding") seeking relief pursuant to the New Jersey Assignment for the Benefit of Creditors Act ("NJABC"), N.J.S.A. § 2A:19-1, et seq., and thus ordered the parties to show cause why this Court should not either (1) abstain, or (2) stay and administratively terminate the Federal Action.  (Dkt. entry no. 34, 3-20-12 Order.)

**THE PLAINTIFFS** acknowledge in their response that the State Proceeding exists, but do not directly address the concerns raised in the 3-20-12 Order.  (See dkt. entry no. 36, Pls. Mem.)  The defendants assert that a stay would be appropriate, as (1) the New

Jersey state court has appointed an assignee, (2) the assignee is charged with recovering or reaching assets for the benefit of the creditors, and (3) the plaintiffs can seek relief as part of the NJABC process. (See dkt. entry no. 37, IPC Br. at 3-4 (citing N.J.S.A. § 2A:19-14); dkt. entry no. 38, Fuller Response; see also IPC Br., Ex. B, State Ct. Order Authorizing Assignee To Continue Assignor's Business (concerning Assignee Charles A. Stanziale, Jr., who is acting for the benefit of IPC's creditors).)[1]

**THE NJABC** does not contain an automatic stay provision.  Cf. 11 U.S.C. § 362.  But this Court has the discretion to stay and administratively terminate the Federal Action pending the outcome of a related proceeding brought under the NJABC.  See Abondolo v. Jerry WWHS Co., 829 F.Supp.2d 120, 127 (E.D.N.Y. 2011) (stating, as to assignment proceeding brought under New York law, whether to impose stay in favor of an assignment proceeding remains matter of judicial discretion); DiMaria v. Goor, No. 09-1011, 2010 WL 3923227, at *9-13 (E.D.N.Y. Sept. 30, 2010) (abstaining from adjudicating claims that were related to NJABC proceeding). "There is nothing manipulative or improper about an assignment for the benefit of creditors".  In re Short Hills Caterers, No.

---

[1] IPC also asserts that there is another proceeding pending before "the Department of Labor" wherein some of the claims raised in the Federal Action are being pursued. (IPC Br. at 1, n.2.)  But this Court is uncertain whether IPC is referring to the United States Department of Labor, the New Jersey Department of Labor and Workforce Development, or some other entity.

08-18604, 2008 WL 2357860, at *6 (Bankr. D.N.J. June 4, 2008) (discussing NJABC). An assignee, on behalf of the creditors, must seek to void any transfer of assets by the assignor to others, but a creditor may independently seek such relief in the state court overseeing the NJABC proceeding if an assignee refuses to act. Id.

**THIS COURT**, upon the inherent power to control the docket, determines that judicial resources would be conserved, and the plaintiffs would receive a more expeditious determination of the claims, if the plaintiffs were to proceed in state court as part of the ongoing State Proceeding. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991). Indeed, this Court has determined through an independent examination of the state court docket that the assignee in the State Proceeding is aggressively pursuing the interests of IPC's creditors by, inter alia, seeking recovery from Fuller. See Stanziale v. Fuller, No. L-3979-12 (N.J. Super. Ct., Middlesex Cnty.). Therefore, this Court will stay and administratively terminate the Federal Action, and direct the plaintiffs to pursue their claims in state court.

**THE PLAINTIFFS ARE ADVISED** that an order administratively terminating a federal action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to this Court's inherent power to control its own docket and in the

3

interests of judicial economy.  See Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination is not a final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits").  This Court is purposely declining to abstain, in order to allow the plaintiffs to return to federal court if they are prevented from pursuing relief by the assignee and by the state court in the State Proceeding.  For good cause appearing, the Court will issue an appropriate order.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:  August 8, 2012